UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARD R. CHONG,

           Petitioner,

vs.                                  Case No.  2:05-cv-131-FtM-29SPC

WALTER A. McNEIL, Secretary, Florida
Department of Corrections,

           Respondent.[1]
_____

## OPINION AND ORDER

Petitioner, Leonard R. Chong, (hereinafter "Petitioner" or "Chong"), who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 30, 2005 (Doc. #1). Petitioner subsequently filed a corrected Petition on November 8, 2005 (Doc. #9), and is proceeding on his corrected Petition ("Petition"). Petitioner challenges his February 19, 2002, judgment of conviction for cocaine trafficking entered pursuant to Petitioner's *nolo contendere* plea in the Twentieth Judicial Circuit Court, Collier County, Florida.

---

[1] The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 124 S. Ct. 2711, 2717 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" Id. In this case, the proper party Respondent is the Secretary of the Florida Department of Corrections. As such, the Court will substitute Walter A. McNeil, the current Secretary of the Department of Correction for respondent, Robert O'Connor, Warden, and dismiss the Attorney General of the State of Florida as a named respondent.

Petition at 1.² Chong was originally sentenced to seven years imprisonment, but sought and obtained a sentence mitigation of 66 months, to be followed by two years probation. Chong did not file a direct appeal from his plea-based judgment.

The Petition sets forth the following two grounds of ineffective assistance of trial counsel:

1. Counsel was ineffective for failing to file a motion to suppress.

2. Counsel was ineffective for not moving to withdraw Petitioner's plea.

Id. at 6. In compliance with the Court's Order (Doc. #12), and after having been given two extensions of time, Respondent filed a Response to the Petition on March 28, 2006 (Doc. #17). Respondent requested that Petition be denied because of Petitioner's procedural defaults, his waiver by pleas, the doctrine of Stone v. Powell, and his failure to satisfy 28 U.S.C. § 2254 (d) and (e). Response at 1. Respondent submitted exhibits in support of his contentions (Doc. #19).³ Petitioner filed a Reply to the Response on August 9, 2006 (Doc. #24).

Upon notice that Petitioner had been deported, the Court directed Respondent to advise the Court whether Petitioner's deportation mooted the instant Petition. See Order of Court dated

---

²The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

³The Court will hereinafter refer to the exhibits that are referenced in and submitted in support of the Response as "Exh."

February 5, 2008 (Doc. #30). On February 15, 2008, Respondent filed a Supplemental Response, Memorandum of Law requesting that the Court deny the Petition as moot (Doc. #31, "Supplemental Response").

Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction. U.S. Const. art. III, § 2; Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1327 (11th Cir. 2004). Mootness can occur due to a change in circumstances or a change in law. Id. at 1328. A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party. Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d. 1276, 1282 (11th Cir. 2004) (citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). Dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." Id. The fact of deportation, alone, is not sufficient to render a claim automatically moot. See Sibron v. New York, 392 U.S. 40, 54-56 (1968). Rather, whether a habeas petition presents a case or controversy hinges on whether the petitioner suffers "collateral consequences" as a result of the conviction he challenges. Spencer

v. Kemna, 532 U.S. 1, 7 (1998); Maggard v. Florida Parole Comm., 616 F.2d 890, 891 (5th Cir. 1980)(citations omitted).[4]

According to the notice of removal received from the U.S. Immigration and Customs Enforcement, Chong's removal was sought pursuant to § 237(a)(2)(B)(iii) of the Immigration and Nationality Act ("INA"), which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Supplemental Response at 2. Further, the notice of removal "charged Chong with being removable under Section 237(a)(2)(B)(I) of the INA for being convicted of a violation of a law relating to a controlled substance." Id. Admittedly, Chong's conviction in the underlying action for which he seeks habeas relief, has clearly subjected him to deportation which may serve as a collateral consequence, thus deeming his petition as not moot. However, the underlying trafficking conviction is not Petitioner's only underlying criminal conviction. Petitioner's criminal history prior to the underlying conviction reveals that he "had two arrests on drug charges, and a prior conviction for carrying a concealed weapon." Exh. #1 at 5. In particular, Petitioner has a 1997 conviction for the sale, manufacture, delivery, or possession with intent to sell cannabis

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

pursuant to Fla. Stat. ch. 898.13(1)(a). Thus, assuming *arguendo* that the Court found merit to grant the instant habeas (not conceded), Petitioner's other underlying drug convictions would bar his reentry into the United States. See 8 U.S.C. § 1182(a)(2)(A)(i)(II).[5] Consequently, because Chong is barred from reentry for reasons that are unrelated to his underlying challenged conviction, this Court can not provide meaningful relief to Petitioner, thus mooting this action. Perez v. Greiner, 296 F.3d 123, 126 (2d Cir. 2002)(finding that deportation moots petition where petitioner is otherwise barred from reentry for reasons unrelated to the challenged conviction).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Florida Attorney General is DISMISSED as a respondent.

2. The Petition (Doc. #9) is **DENIED as moot.**

3. The **Clerk of the Court** shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __17th__ day of September, 2008.

JOHN E. STEELE
United States District Judge

---

[5]In pertinent part 8 U.S.C. § 1182 (a)(2)(A) provides that any alien convicted of violating "a law or regulation . . . relating to a controlled substance" is inadmissible to the United States.

SA: hmk
Copies: All Parties of Record